UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

RAMON ALVARADO, JR.,

    Plaintiff,

v.                                                                                                     Case No. 22-CV-1204

LAURA BONIS, *et al.*,

    Defendants.

## ORDER

On December 21, 2022, the court screened *pro se* plaintiff Ramon Alvarado, Jr.'s complaint and allowed him to proceed on a Fourteenth Amendment due process claim against a John Doe defendant, Laura Bonis, Trevor Standish, Ethan Stark, Captain Kyle Tritt, and Jeremy Westra. For the Doe defendant, Alvarado alleged that he failed to notify Alvarado of his hearing. For the remaining defendants, he alleged that they did not allow him to present potentially exculpatory evidence or finish his statement in his defense. (ECF No. 10.) The court also allowed Alvarado to proceed on a First Amendment retaliation claim against Tritt for placing him in administrative confinement for filing grievances against Tritt. On January 16, 2024, Alvarado filed a motion for leave to file an amended complaint for the third time and attached the proposed amended complaint to his motion. (ECF Nos.42, 42-1.)

After that motion was fully briefed, Alvarado filed another motion to amend, which appears to be in response to the deficiencies pointed out by the defendants in their response to his first motion to amend. (ECF No. 48.) Because Alvarado did not follow Civil Local Rule 15(a) with regards to the second motion to amend, (ECF No. 48), and attach a copy of the proposed amended complaint, the court denies the second motion to amend without further comment. The court will also disregard any arguments made in the briefing of the second motion to amend by either party.

Turning to the first motion to amend, leave to amend a pleading should be freely given "when justice so requires." *See* Fed. R. Civ. P. 15(a)(2). The decision on whether to allow the amendment is within the discretion of the district court. *Foman v. Davis*, 371 U.S. 178, 182 (1962). Reasons for denying a motion to amend include "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Id.* at 182.

The court grants Alvarado's motion to amend the complaint. The proposed amended complaint (ECF No. 42-1) is now the operative complaint. Because Alvarado is incarcerated, the court must still screen his amended complaint. The court must dismiss an amended complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

In determining whether the amended complaint states a claim, the court applies the same standard that applies to dismissals under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017) (citing *Booker-El v. Superintendent, Ind. State Prison*, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under color of state law. *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). The court construes *pro se* complaints liberally and holds them to a less stringent standard than pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

Alvarado's amended complaint contains substantially similar allegations to his original complaint, and it appears that he is simply amending to change the

time he was in segregation from 48 days to 3 years and 4 months and to identify the Doe defendant. However, in reviewing his amended complaint, the court will also revisit his allegations concerning his due process claims. 28 U.S.C. § 1915(b)(e)(2) allows the court to consider whether a plaintiff states a claim at "any time". Additionally, Fed. R. Civ. P. 54(b) allows a court to revise "any order or other decision, however designated, that adjudicates fewer than all the claims."

Alvarado alleges that Officer Wodak (previously the John Doe), violated his constitutional rights because he failed to give Alvarado notice of the review of his administrative confinement and the waiver for time limits for review for administrative confinement. (ECF No. 42-1 at 2.) He also alleges that Stark did not gather all the evidence he needed for the administrative confinement hearing; that Westra denied him witnesses for the hearing; and that Bonis and Standish did not allow him to finish his statement at the hearing. (*Id.* at 2-3.) As a result, he was placed on administrative confinement for 3 years and 4 months. (*Id.* at 4.) He further alleges that while in administrative confinement, he suffered atypical and substantial hardships. (*Id.* at 5.)

Assuming, as the court did in its original screening order, that Alvarado has a liberty interest that implicates a due process claim, the court now finds that he fails to state a due process claim against Westra, Start, Bonis, and Standish because the allegations demonstrate that he received sufficient due process. It is well established that when the situation concerns retaining a prisoner in or transferring a prisoner to a more restrictive setting, such as segregation or

4

disciplinary separation, a prisoner is entitled to only informal, nonadversarial due process. *Westefer v. Neal*, 682 F.3d 679, 686 (7th Cir. 2012). When considering a transfer to segregation, the Seventh Circuit has held that "due process requires only that the prisoner receive advance written notice of the charges, an opportunity to present testimony and documentary evidence to an impartial decision-maker, and a written explanation for the discipline that is supported by 'some evidence' in the record." *Piggie v. Cotton*, 342 F.3d 660, 662 (7th Cir. 2003); *Hewitt v. Helms*, 459 U.S. 460, 476 (1983). Additionally, "the Supreme Court has made it clear that the requirements of informal due process leave substantial discretion and flexibility in the hands of prisoner administrators." *Westefer*, 682 F.3d at 686. A "full-blown" hearing where the prisoner has a right to call witnesses is not required. *Id*. While Alvarado may not have gotten to present his entire statement or present all the witnesses or all the evidence he wanted to, it is clear from his amended complaint that he received sufficient due process. He may no longer proceed on a Fourteenth Amendment due process claim against Westra, Bonis, Stark, and Standish. Because there are no remaining claims against these defendants, they are dismissed.

As for Officer Wodak, Alvarado alleges that Wodak failed to give him written notice of the hearing. While his allegations are bare bones, he may proceed on a Fourteenth Amendment due process claim against Wodak. The court will instruct the clerk of court to replace the John Doe placeholder with Officer Wodak and will serve Wodak as described below.

5

Alvarado may also still proceed against Tritt for the related retaliation claim for the reasons stated in the original screening order. (ECF No. 10 at 7.) To the extent that Alvarado is trying to bring an access to courts claim because Tritt denied him pens, that claim is not substantially related to the other claims in the case, so he is not able to proceed on that claim.

The court will reset the scheduling order at a later date. Given the monumental shift in this case caused by this order, the court will give the defendants until **June 3, 2024,** to notify it in writing if it needs a deadline to file a motion for summary judgment on exhaustion grounds.

**THEREFORE, IT IS ORDERED** that Alvarado's second motion for leave to amend his complaint (ECF No. 48) is **DENIED**.

**IT IS FURTHER ORDERED** that Alvarado's first motion to amend the complaint (ECF No. 42) is **GRANTED**. The proposed amended complaint (ECF No. 42-1) is now the operative complaint.

**IT IS FURTHER ORDERED** that Laura Bonis, Trevor Standish, Ethan Stark, and Jeremy Westra are **DISMISSED**.

**IT IS FURTHER ORDERED** that the clerk of court's office replace the John Doe placeholder with Officer Wodak. Pursuant to an informal service agreement between the Wisconsin Department of Corrections and this court, the clerk's office shall electronically send copies of Alvarado's amended complaint and this order to the Wisconsin Department of Corrections for service on Officer Wodak. Wodak shall file a responsive pleading to the complaint within 45 days.

**IT IS FURTHER ORDERED** that the defendants notify the court within **June 3, 2024,** whether it intends to file a motion for summary judgment on exhaustion grounds so the court may incorporate the deadline into the amended scheduling order.

Dated at Milwaukee, Wisconsin this 20th day of May, 2024.

BY THE COURT:

_____
NANCY JOSEPH
United States Magistrate Judge