UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

RAMON ALVARADO, JR.,

    Plaintiff,

v.                                                      Case No. 22-CV-1204

LAURA BONIS, *et al.*,

    Defendants.

## ORDER

On December 21, 2022, the court screened *pro se* plaintiff Ramon Alvarado, Jr.'s complaint and allowed him to proceed on a Fourteenth Amendment due process claim against a John Doe defendant, Laura Bonis, Trevor Standish, Ethan Stark, Captain Kyle Tritt, and Jeremy Westra. Alvarado alleged that John Doe failed to notify Alvarado of his hearing. For the remaining defendants, he alleged that they did not allow him to present potentially exculpatory evidence or finish his statement in his defense. (ECF No. 10.) The court also allowed Alvarado to proceed on a First Amendment retaliation claim against Tritt for placing him in administrative confinement for filing grievances against Tritt. On January 16, 2024, Alvarado filed a motion for leave to file an amended complaint for the third time and attached a proposed amended complaint to his motion. (ECF Nos. 42, 42-1.)

On May 20, 2024, the court granted Alvarado's motion to amend the complaint and accepted the proposed amended complaint as the operative

complaint. (ECF No. 52.) The court also screened the third amended complaint and found that the third amended complaint no longer stated Fourteenth Amendment due process claim against defendants Westra, Bonis, Stark, and Standish. (*Id.* at 5.) The court allowed Alvarado to proceed on a Fourteenth Amendment due process claim against the Doe defendant, now identified as Officer Wodak, and on a First Amendment retaliation claim against Tritt. (*Id.* at 5-6.) Because there were no longer any claims against Westra, Bonis, Stark, and Standish, they were dismissed.

On May 30, 2024, Alvarado filed a motion for reconsideration of the court's decision to dismiss the Fourteenth Amendment claim against Westra, Bonis, Stark, and Standish. (ECF No. 57.) When dismissing the Fourteenth Amendment claim against these defendants, the court determined that based on Alvarado's allegations, these defendants afforded Alvarado sufficient due process. (ECF No. 52 at 5.) Alvarado now argues that the court erroneously determined that these defendants allowed Alvarado presented his views because he was not allowed to present all the evidence he wanted to. But, as the court explained in its order screening the third amended complaint, the law does not entitle Alvarado to submit all the evidence he wants to in a disciplinary hearing. Alvarado just needs to be given an opportunity to submit some evidence, which the third amended complaint demonstrates that he was.

As such, Alvarado is simply taking issue with the way the court considered his allegations, which is not a basis for granting his motion. *See Oto v. Metropolitan Life Ins. Co.*, 244 F.3d 601, 606 (7th Cir. 2000) (holding that a motion that "merely

2

took umbrage with the court's ruling and rehashed arguments" was properly rejected by the district court).

**THEREFORE, IT IS ORDERED** that Alvarado's motion for reconsideration (ECF No. 57) is **DENIED**.

Dated at Milwaukee, Wisconsin this 28th day of June, 2024.

BY THE COURT:

_____
NANCY JOSEPH
United States Magistrate Judge

3

Case 2:22-cv-01204-NJ   Filed 06/28/24   Page 3 of 3   Document 63